IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD E. CLARK, JR.,              )
                                    )
                Plaintiff,          )
                                    )
        v.                          ) Civ. No. 11-518-SLR
                                    )
PLUMMER COMMUNITY                   )
CORRECTION CENTER, et al.,          )
                                    )
                Defendants.         )

### MEMORANDUM ORDER

At Wilmington this 3rd day of July , 2012, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the complaint is dismissed as frivolous and for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and

§ 1915A; and (2) plaintiff is given leave to amend, for the reasons that follow:

1. **Background**. Plaintiff Richard E. Clark, Jr. ("plaintiff") is a former inmate who

was incarcerated at the Plummer Community Correction Center ("PCCC"), Wilmington,

Delaware. He proceeds pro se, has been granted in forma pauperis status, and filed

this complaint pursuant to 42 U.S.C. § 1983 raising a conditions of confinement claim.[1]

(D.I. 2)

2. **Standard of review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

_____

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

2

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff uses a cane. He alleges that defendants knew of his injuries, that he used a cane, and that his injuries "were really hurting" due to his housing assignment on the second floor. On May 19, 2011, plaintiff fell and injured himself "worse" when he was walking up the steps. (D.I. 2, ¶ IV)

7. **Eleventh Amendment** Plaintiff names the PCCC as a defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the PCCC, which falls under the umbrella of the Delaware Department of Correction, is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

8. The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, the claims against the PCCC are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) as it is immune from suit.

9. **Personal involvement/respondeat superior**. Although plaintiff names Steven Wesley ("Wesley"), Robert Williamson ("Williamson"), Carol Evans ("Evans"), Mr. Williams ("Williams"), and Mr. Husky ("Husky") as defendants, there is no mention

4

of them in the complaint other than the generic statement that "the defendants knew."
As is well known, "[a] defendant in a civil rights action must have personal involvement
in the alleged wrongs; liability cannot be predicated solely on the operation of
respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Even
when reading the complaint in the most favorable light to plaintiff, it fails to state
actionable constitutional claims against Wesley, Williamson, Evans, Williams and
Husky. Therefore, the claims against them will be dismissed as frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10.   However, since it appears plausible that plaintiff may be able to articulate a
claim against a defendant or name alternative defendants, he will be given an
opportunity to amend his complaint. *See O'Dell v. United States Gov't*, 256 F. App'x
444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims
do not appear "patently meritless and beyond all hope of redemption").

11.   **Conclusion**.   For the above reasons, the complaint is dismissed as frivolous
and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii) and § 1915A(b)(1).   Plaintiff is granted leave to amend the complaint.
The amended complaint shall be filed within thirty (30) days from the date of this order.
If plaintiff does not file an amended complaint within the time allowed, the case will be
closed.


UNITED STATES DISTRICT JUDGE


5